Note: We have sua sponte removed this case from the accelerated calendar.
 DECISION.
The defendant-appellant, Gregory L. McGivens, appeals from his conviction for burglary in violation of R.C. 2911.12(A)(2). In his three assignments of error, McGivens challenges the weight and sufficiency of the evidence against him, and further alleges that his trial counsel was ineffective for failing to present meaningful evidence in mitigation during sentencing. For the reasons that follow, we do not find merit in any of these assignments, and therefore affirm.
The facts of this case can be briefly summarized. On the night of December 11, 1998, there was a burglary. Among the items taken was a Timex Ironman watch. The watch bore a recently purchased wristband different from the original. The occupants of the residence awoke after the burglar had already left the house. One of the occupants observed a male dressed in black rummaging through a car parked outside the residence. According to the occupant, he could not determine the race of the suspect. The suspect ran off after an exchange of shouts. The police were called.
McGivens, an African-American male, was detained by one of the dispatched officers patrolling in the area. McGivens was wearing a black jacket, a black hat, gloves, and dark-colored, muddy jeans. A pat-down search led to the discovery of a Timex Ironman watch in McGivens's pocket in addition to the watch he wore on his wrist. McGivens told the police that he had found the watch, but could not describe its color or manufacturer after the police took hold of it. The watch matched the description of the stolen watch.
At the same time that McGivens was being detained, a canine unit tracked a scent leading from the burglarized residence to an area one block south of where McGivens had been discovered.
McGivens was arrested and taken to the police station. He did not make any statements other than that he had found the watch. One of the occupants of the residence who had gone to the station stated that he was able to identify McGivens's voice from the exchange of shouts with the burglar. Both occupants were able to identify the Timex Ironman watch found in McGivens's pocket because of the wristband.
McGivens testified at trial. He began his testimony by disclosing that he had been previously convicted of burglary and was paroled to a halfway house on May 26, 1998. He testified that, on the night of the burglary, he had been drinking earlier and had no recollection of how he ended up in the vicinity of the burglary. He testified that he blacked out in his car, awakening to find that he had struck something and that his tire was flat. According to McGivens, he then stopped his car and, after getting out, accidentally stepped on a watch, which he picked up and put into his pocket. In denying that he was involved in the burglary, McGivens stated that he "used to be a criminal" and "did burglaries," but that every burglary he did previously was planned, and that he "wouldn't waste my time doing time for petty theft." He stated, "Why would I take a watch? That's not me. That's not my style to do this * * *. "
In his first and second assignments of error, McGivens argues that his conviction was based upon insufficient evidence and was contrary to the weight of the evidence. In his view, based upon the evidence, "reasonable minds could only conclude that [he] was not in the residence, did not steal but rather found the watch, and therefore did not commit the burglary." McGivens argues that he is guilty of nothing other than being in the wrong place at the wrong time — with the wrong watch in his pocket.
We hold that the circumstantial evidence was clearly sufficient to convict McGivens. He was in the immediate vicinity of the burglary; he had the stolen watch in his pocket; he was dressed like the burglar; the canine tracked close to where he was discovered; and his explanation of how he ended up where he did, with the stolen watch in his pocket, was implausible, to say the least. Circumstantial evidence need not be irreconcilable with every conceivable theory of innocence; rather, like direct evidence, it need only be sufficient, if believed, to convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 260,574 N.E.2d 492. Moreover, we cannot say, sitting as a thirteenth juror, that the trial court lost its way in reaching the conclusion that the watch was in McGivens's pocket because he stole it. State v. Thompkins (1997), 78 Ohio St.3d 380,678 N.E.2d 541.
As for McGivens's third and final assignment of error, the claim that his trial attorney should have presented more in the way of mitigation during sentencing is a claim more appropriate for postconviction relief, since without evidence dehors the record there is no basis to assume that there was any additional mitigating evidence to present.
Accordingly, McGivens's three assignments of error are overruled, and the judgment of the trial court affirmed.
Judgment affirmed.
Doan, P.J., Gorman and Shannon, JJ.
Raymond E. Shannon, retired, from the First Appellate District, sitting by assignment.